UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80350-Civ-Cohn/Seltzer

JACEK "JACK" MASACZ,

    Plaintiff,

vs.

CORRECTIONAL MEDICAL SERVICES, INC.
DR. PIERRE DORSAINVIL, M.D., JOHN and
JANE DOE (S), unknown employees of
Correctional Medical Services, Inc., and
RIC L. BRADSHAW, in his official capacity
as the Sheriff of Palm Beach County,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT
## ORDER DENYING MOTION TO STRIKE

THIS CAUSE is before the Court upon Plaintiff's Motion for Leave of Court to Amend Complaint [DE 14] and Defendants Correctional Medical Services and Pierre Dorsainvil's Motion to Strike Motion for Leave to Amend [DE 16]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

Plaintiff has moved for leave to file an amended complaint to clarify a mislabeled claim under 42 U.S.C. § 1988, clarify a claim under 42 U.S.C. § 1983, and add a claim for punitive damages. Although labeled his "Third Amended Complaint," the prior amendments were done in state court prior to removal of this action to state court.[1] Defendants Correctional Medical Services and Pierre Dorsainvil move to strike

---

[1] Plaintiff makes reference to a motion to dismiss filed in state court concerning the Second Amended Complaint. Plaintiff's Motion, ¶ 3. No such motion is included in the file of this case. In any event, any such motion would be moot by the filing of the Third Amended Complaint.

the motion for leave to amend based upon the addition of the claim for punitive damages.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend the party's pleading "by leave of court or by written consent of the adverse party" and that "leave shall be freely given when justice so requires." In construing Rule 15(a), the Supreme Court has held that

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The motion to amend in this case was filed prior to the deadline the court set for amending the pleadings.

In their motion to strike, Defendants argue that under state law, Plaintiff has failed to make a reasonable evidentiary showing to allow the claim for punitive damages. In 1999, the United States Court of Appeals for the Eleventh Circuit held that Florida Statute § 768.72(1) is preempted in federal court by Federal Rule of Civil Procedure 8(a)(3), and a Florida plaintiff in federal court because of diversity jurisdiction need not obtain leave of court before pleading a request for punitive damages. Cohen v. Office Depot, Inc., 184 F.3d 1292, 1295-99 (11th Cir. 1999), *vacated on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir.

2000). Therefore, Defendants' motion is denied and Plaintiff's motion is granted.[2]

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion for Leave of Court to Amend Complaint [DE 14] is hereby **GRANTED**;

2. Plaintiff shall file the Third Amended Complaint attached to the motion as a separate document in CM/ECF within three (3) business days of this Order;

3. Defendants Correctional Medical Services and Pierre Dorsainvil's Motion to Strike Motion for Leave to Amend [DE 16] is hereby **DENIED**.

4. Defendant Ric Bradshaw's Answer and Affirmative Defenses [DE 13] shall be deemed timely filed as to the Third Amended Complaint;

5. Defendants Correctional Medical Services, Inc. and Pierre Dorsainvil shall file their response to the amended complaint within ten (10) business days of the filing of the Third Amended Complaint;

6. The deadline for any further amendments or to add any other parties passed on July 2, 2009.

**DONE and ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 14th day of July, 2009.

JAMES I. COHN
United States District Judge

Copies Furnished to:
Counsel of record on CM/ECF

---

[2] There would be even less of an argument to follow Florida procedural law in a case in federal court on federal question jurisdiction, such as the case at bar.