UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80350-Civ-Cohn/Seltzer

JACEK "JACK" MASACZ,

    Plaintiff,

vs.

CORRECTIONAL MEDICAL SERVICES, INC.
DR. PIERRE DORSAINVIL, M.D., JOHN and
JANE DOE (S), unknown employees of
Correctional Medical Services, Inc., and
RIC L. BRADSHAW, in his official capacity
as the Sheriff of Palm Beach County,

    Defendants.
_____/

**ORDER DENYING MOTION TO DISMISS**
**ORDER GRANTING IN PART MOTIONS TO STRIKE**

**THIS CAUSE** is before the Court upon Defendants Correctional Medical Services and Pierre Dorsainvil's Motion to Dismiss and Motion to Strike Portions of Plaintiff's Third Amended Complaint [DE 21], Plaintiff's Response thereto [DE 32] and Defendants' Motion to Strike Plaintiff's Response [DE 33]. The Court has carefully considered the motion and is otherwise fully advised in the premises, noting the lack of a response to Defendants' Motion to Strike.

    Plaintiff filed this action against jail medical staff and the Sheriff of Palm Beach County concerning their alleged lack of medical treatment of him after his arrest and detention in October of 2005. Plaintiff's Third Amended Complaint contains claims against Correctional Medical Services ("CMS"), Pierre Dorsainvil, M.D. and two "John Doe" employees of CMS for deliberate indifference to medical needs under 42 U.S.C. § 1983 (Count I), "Outrageous Conduct Causing Severe Emotional Distress" against

these same defendants in Count II, and other claims against the Sheriff of Palm Beach County not relevant to the present motions. The Third Amended Complaint alleges that upon his arrest at home following his parents' call to 911 for assistance with Plaintiff's grand mal seizure, the arresting officers, medical intake personnel, and jail personnel knew of his epilepsy and need for anti-seizure medication. The medication was taken along by the arresting officer and was received by medical intake personnel. The complaint further alleges that Plaintiff was never given the medication, was not placed in the jail infirmary, and was given a top bunk in the jail's general population. After continued pleading by Plaintiff of jail medical staff to be allowed to take his medication during his three day incarceration, and after reporting to jail personnel that he had already suffered one seizure, Plaintiff suffered another seizure while in the top bunk, resulting in his falling to the floor suffering severe head injuries.

Defendants have moved to dismiss the claim for "Outrageous Conduct" for failure to state a claim and to strike a paragraph that relates to a previously dismissed (in state court) medical malpractice claim. After Plaintiff responded to the motion to dismiss by including excerpts and references to deposition testimony, Defendants moved to strike this response as being beyond the scope of a Rule 12(b)(6) motion to dismiss.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Until the Supreme Court decision in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be

dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### B.  Motion to Strike

Defendants move to strike Plaintiff's response to their motion to dismiss because Plaintiff relies in part upon deposition testimony in the case.  Defendant is correct that Plaintiff must rely solely upon the allegations in the four corners of his complaint.  However, the Court does not see a need to strike the entire response.

Rather, the Court strikes all attachments to the response and will ignore arguments based upon deposition testimony that is beyond the allegations of the complaint.

### C.  Intentional Infliction of Emotional Distress

Turning to Defendants' motion to dismiss Count II of the Third Amended Complaint, the elements of a claim for intentional infliction of emotional distress[1] under Florida law are: (1) deliberate or reckless infliction of mental suffering;  (2) by outrageous conduct;  (3) which conduct must have caused the suffering;  and (4) the suffering must have been severe.  Hart v. United States, 894 F.2d 1539, 1548 (11th Cir. 1990).  The Florida Supreme Court has defined "outrageous" as including:

> Extreme and outrageous conduct ..... It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.  Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Metropolitan Life Insurance Company v. McCarson, 467 So.2d 277, 278-79 (Fla. 1985).

In reviewing the allegations of the Third Amended Complaint [DE 14] under Iqbal and Twombly, Plaintiff has alleged sufficient facts to conclude that Defendants CMS and Dorsainval did allegedly act in a manner that the Court would consider outrageous.

---

[1] The Court agrees with Defendants that the claim is properly referred to as intentional infliction of emotional distress rather than "Outrageous Conduct Causing Severe Emotional Distress."

Specifically, Plaintiff alleges that CMS personnel knew of Plaintiff's epilepsy and prior seizures through the arresting officer (¶¶ 19-20), that CMS personnel had possession of his anti-seizure medication at the intake process (¶ 21), Dr. Dorsainvil and CMS failed to ensure that Plaintiff took the medication (¶¶ 22-24) or have him placed in the infirmary or a lower bunk (¶ 25), and Plaintiff reiterated his medical need for his prescribed medication "every time on every day" when "CMS's medical personnel, John and Jane Does, approached Plaintiff Jacek's cell" (¶ 26).  Finally, Plaintiff alleges that he "literally begged these Defendants for his anti-seizure Depakote medication" on his third day of incarceration after advising CMS personnel that he had already suffered one seizure and felt another one coming on (¶ 27).  This allegedly extreme and atrocious behavior in being indifferent to actual suffering from a known cause resulted in Plaintiff falling from his top bunk, hitting his head on the floor, sustaining head and face lacerations with profuse bleeding requiring emergency hospitalization, and losing two permanent front teeth (¶ 29).  This Court concludes that Plaintiff has alleged sufficient facts to meet the Twombly and Iqbal tests.

### III.  CONCLUSION

Turning to the portion of Defendant's Motion to Strike paragraph 8 of the Third Amended Complaint, Plaintiff's response does not address this part of the motion.  The Court will therefore grant the motion to the extent that ¶ 8 pertains to the medical malpractice negligence action previously dismissed in state court.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendants Correctional Medical Services and Pierre Dorsainvil's Motion to Dismiss [DE 21] is hereby **DENIED**;

2. Defendants Correctional Medical Services and Pierre Dorsainvil's Motion to Strike Portions of Plaintiff's Third Amended Complaint [DE 21] is hereby **GRANTED** as to paragraph 8;

3. Defendants' Motion to Strike Plaintiff's Response [DE 33] is hereby **GRANTED in part** as to the attachments to the Response and **DENIED** as to striking the entire response;

4. Defendants Correctional Medical Services, Inc. and Pierre Dorsainvil shall file an Answer to the Third Amended Complaint by October 14, 2009;

**DONE and ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 2nd day of October, 2009.

JAMES I. COHN
United States District Judge

Copies Furnished to:
Counsel of record on CM/ECF